UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JAMES A. STEVENS,

                Plaintiff,

             -v-

WILLIAM LEE, Superintendant,

                Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/12

10 Civ. 3471 (JMF)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

JESSE M. FURMAN, District Judge:

       This petition for a writ of habeas corpus from a state court conviction was referred to Magistrate Judge Theodore H. Katz for a Report and Recommendation.  In a Report and Recommendation filed on December 19, 2011, Magistrate Judge Katz recommended that the petition be denied and that Petitioner's claims be dismissed with prejudice.

       The Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  The Report and Recommendation expressly called Petitioner's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  Accordingly, Petitioner received clear notice of the consequences of the failure to object and has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law.  There is no reason why, in the interests of justice, the waiver of the right to object should not be enforced.

As Magistrate Judge Katz explains in his thorough and well-reasoned Report and Recommendation, Petitioner seeks to vacate his convictions for rape in the first degree and offenses on the ground that he received ineffective assistance of counsel from an attorney Glenn Kroll, who allegedly told Petitioner that he could "beat" the charges by, among other things, paying off the victims (Petitioner's step daughters) to ensure that they would not testify.  In particular, Petitioner contends that he relied on this deficient advice when he turned down a more favorable plea offer than the one he ultimately obtained.

The fatal flaw in Petitioner's argument is that, at the time he turned down the more favorable plea offer, his attorney of record was not Mr. Kroll, but Sol Lesser, who advised him to take the plea offer and indisputably rendered effective assistance of counsel.  (Report and Recommendation at 23-24).  As Magistrate Judge Katz notes, "there is simply no authority for the proposition that a conviction can be vacated because a defendant, who is represented by [a competent] attorney in a criminal proceeding, chooses to consult with another counsel who gives him poor advice." (*Id.* at 25).  *Cf. Elfgeeh v. United States*, 681 F.3d 89, 94 (2d Cir. 2012) (noting that "many defendants may well take advice from friends or family, including persons claiming legal knowledge, when deciding to accept or reject a plea agreement, to testify at trial, etc.," but that does not provide a basis for relief if the defendant's counsel of record provided effective assistance of counsel under the Sixth Amendment).  At a minimum, there is no basis to

conclude that the state courts' conclusions on that score were contrary to or unreasonable applications of clearly established federal law, as required for habeas relief.[1]

In addition, for the reasons stated by Magistrate Judge Katz, there is no cause to disturb the state courts' conclusion that Petitioner was not prejudiced by Mr. Kroll's advice. The record shows that Petitioner had a strong inclination to reject the plea offer even before obtaining Mr. Kroll's poor advice; indeed, it was that inclination that led him to consult with Mr. Kroll in the first place. Moreover, as Magistrate Judge Katz concludes, "[t]here can be no reasonable reliance on the patently illegal advice of a consulting attorney that would enable a defendant to reclaim the right to a favorable plea offer that was rejected over the advice of competent counsel of record." (Report and Recommendation at 28).

The Court has reviewed the petition and the arguments advanced by Petitioner in his petition. The Report and Recommendation is adopted in its entirety.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be

---

[1]     On March 21, 2012, the Supreme Court decided two cases regarding ineffective assistance of counsel in the context of plea negotiations. *See Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399 (2012). Insofar as Petitioner's conviction became final prior to these decisions, they could not provide a basis for relief. *See, e.g.*, *Brown v. Greiner*, 409 F.3d 523, 533 & n.3 (2d Cir. 2005) (stating that "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), includes only those Supreme Court cases that have been decided, at the latest, by the time a habeas petitioner's conviction becomes final, and that "[l]ater Supreme Court decisions play no role in assessing the reasonableness of the state court decisions"). In any event, nothing in *Lafler* and *Frye* undermines the conclusions of the state courts or Magistrate Judge Katz in this case.

taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 16, 2012
       New York, New York

JESSE M. FURMAN
United States District Judge